UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

O'NEIL D. SWANSON, II,

      Plaintiff,

Case No. 12-12773

Honorable John Corbett O'Meara

v.

CLEARVUE MANAGEMENT,

      Defendant.
                                            /

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION TO AMEND AND GRANTING DEFENDANT'S MOTION TO DISMISS**

This matter came before the court on defendant ClearVue Management's July 2, 2012 motion to dismiss and Plaintiff's August 9, 2012 motion to amend the complaint. The parties filed responses but no reply briefs to the motions. Oral argument was scheduled for September 13, 2012; however, counsel for both Plaintiff and Defendant appeared in Detroit instead of Ann Arbor. Therefore, the motions are submitted on the briefs.

**BACKGROUND FACTS**

Plaintiff O'Neil D. Swanson, II, and his wife Dianne E. Swanson took out a mortgage in the amount of $167,300 with Ameriquest Mortgage Company on January 11, 2003. The mortgage was subsequently assigned to defendant ClearVue and recorded August 17, 2010. After the Swansons defaulted on the loan, Defendant initiated foreclosure by advertisement proceedings. On November 6, 2010, a sheriff's sale was held; and defendant ClearVue was the successful bidder. The sheriff's deed was recorded December 1, 2010. The redemption period expired May 16, 2011, with no redemption having been made.

Defendant filed a summons and complaint in the 45th District Court, seeking a judgment of possession for the property; and a hearing was scheduled for June 8, 2011. On June 7, 2011, however, Plaintiff filed a bankruptcy case, which was later dismissed for failure to file documents. When a second hearing was scheduled, Plaintiff again preempted the matter with a second bankruptcy which was also dismissed for failure to file documents. The third time a hearing was scheduled, Plaintiff's wife Dianne filed a bankruptcy case October 24, 2011. It, too, was dismissed for failure to file documents. After an eviction hearing was set for January 11, 2012, Dianne refiled for bankruptcy protection January 10, 2012. The fourth case was also dismissed for failure to file documents. Before another eviction hearing, it was Plaintiff's daughter Maria Swanson who filed a *fifth* bankruptcy case that was dismissed April 27, 2012.

After seeing Plaintiff's repeated attempts to abuse the court system, the bankruptcy court issued *in rem* relief to the subject property in an order dated June 29, 2012. Defendant was finally able to schedule a hearing in 45th District Court; and a judgment of possession was entered June 25, 2012.

This action was removed to this court June 25, 2012. Plaintiff alleged the following four causes of action (misnumbered as seven in the initial complaint): Count I, quiet title; Count II, unjust enrichment; Count III, breach of implied agreement; and Count VII, breach of Mich. Comp. Laws Ann. § 3205(c).

## **LAW AND ANALYSIS**

Under Michigan law, Plaintiff does not have standing to assert any claims to the property after expiration of the statutory redemption period. In this case, the applicable period from November

16, 2010, was six months. Mich. Comp. Laws Ann. § 600.3240. Therefore, all rights, title and interest in the property vested in Plaintiff May 16, 2011, as no redemption was made.

Absent a clear showing of fraud, accident or mistake in the foreclosure proceedings themselves, a court cannot extend the redemption period. In this case Plaintiff has failed to allege any fraud in the foreclosure proceedings that would extend the redemption period. Instead, Plaintiff merely asserts that he did not get a loan modification to his liking. Because he lacks standing, the complaint fails to state a claim for relief; and it must be dismissed.

In addition, Plaintiff's complaint should be dismissed on the basis of *res judicata*. Courts in Michigan apply the doctrine of *res judicata* in cases in which the following elements are present: 1) a final decision on the merits by a court of competent jurisdiction; 2) a subsequent action between the same parties or their privies; 3) an issue in the later action which was litigated or which should have been litigated in the prior action; and 4) an identity of the causes of action. Bragg v. Flint Bd. Of Educ., 570 F.3d 775, 776 (6th Cir. 2009). All of the elements are present in this case. The 48th District Court entered the judgment of possession in favor of defendant ClearVue on June 15, 2012. That case involved the same parties, and all the issues raised by Plaintiff here were or should have been raised in the state court action. Finally, the identity of the causes of action requires that the claims arose out of the same transaction or series of transactions or arose out of the same core of operative facts. Browning v. Levy, 283 F.3d 761, 773-74 (6th Cir. 2002). Plaintiff has not pleaded claims that are unrelated to the subject mortgage or foreclosure. Therefore, because all of the elements of *res judicata* have been met, the court must dismiss the complaint.

Even if the court did not grant the motion to dismiss on the two previous grounds, Plaintiff's four claims all lack merit. As to his first claim to quiet title, Plaintiff claims that Defendant failed

to modify the loan agreement. However, pursuant to Michigan law, Defendant sent Plaintiff the required loan modification information; and Plaintiff failed to respond to it. Therefore, foreclosure proceedings commenced according to the statute.

Plaintiff's second cause of action is for unjust enrichment. The doctrine of unjust enrichment is used to imply a contract but only if there is no express contract covering the same subject matter. In this case, there was a mortgage agreement; therefore, the doctrine does not apply.

Likewise, Plaintiff's claim for breach of implied agreement cannot stand, as a written agreement governs the parties' obligations. Furthermore, there is no requirement that Defendant modify the loan agreement; and here Defendant complied with all of the statutory notice requirements.

Plaintiff's fourth and final claim is that Defendant violated Michigan law by "fail[ing] to follow MCL 3205(c) in that the Defendant(s) have failed to modify Plaintiff's mortgage." Compl. at ¶ 33. Again, however, the statute does not provide that every mortgage must be modified. Plaintiff has failed to show how Defendant did not comply with the statutory requirements.

Again on the brink of an unfavorable court decision due to Defendant's motion to dismiss, Plaintiff filed a motion to amend his complaint, in part to change the named defendant. However, the proper defendant filed the motion to dismiss; therefore, there is no need to file an amended complaint simply to reflect the correct name of the defendant. More importantly, amendment of the complaint in this case would be futile. The proposed, amended complaint adds nothing new; and it is clear that the motion was filed as yet another delay tactic.

## ORDER

It is hereby **ORDERED** that Plaintiff's August 9, 2012 motion to amend is **DENIED.**

It is further **ORDERED** that Defendant's July 2, 2012 motion to dismiss is **GRANTED.**

It is further **ORDERED** that Plaintiff's counsel pay all costs and attorney fees associated with both motions.

                                        s/John Corbett O'Meara
                                        United States District Judge

Date:  September 19, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, September 19, 2012, using the ECF system.

                                        s/William Barkholz
                                        Case Manager